# Spigelmyer, Appellant, *v.* Hess.

*Practice, C. P.—Points for charge—Exception—Judgment n. o. v.—Act of April 22, 1905, P. L. 286.*

1. There is nothing in the Act of April 22, 1905, P. L. 286, which makes an exception to the refusal of a point for binding direction, a condition precedent to the exercise of the authority given by the act to enter judgment non obstante veredicto.

*Landlord and tenant—Lease—Repairs.*

2. Where a tenant agrees to "make any and all repairs accepting the house in the condition in which it stands at the date of the lease," and the landlord at the tenant's request and for his accommodation and convenience makes repairs starting them on the day when the lease was to begin and completing them about seven weeks thereafter, the tenant cannot recover damages from the landlord because he was not in full possession of the premises during the seven weeks, if it appears that there was no stipulation that the repairs should be made prior to the beginning of the term.

Argued Nov. 12, 1913.    Appeal, No. 184, Oct. T., 1913, by plaintiff, from judgment of C. P. Lancaster Co., Aug. T., 1912, No. 56, for defendant non obstante veredicto in case of C. D. Spigelmyer v. John E. Hess. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.    Affirmed.

Assumpsit to recover damages for loss of occupancy of leased premises.

At the trial the jury returned a verdict for the plaintiff for $35.24.    Subsequently the court entered judgment for defendant n. o. v.

HASSLER, J., filed the following opinion:

On February 20, 1912, the defendant, through an agent, leased the second and third floor of No. 25 E. Orange st., in the city of Lancaster, to the plaintiff for a term beginning April 1, 1912, and ending April 1, 1914.    The lease was in writing.    In it the plaintiff agreed that he would "make any and all repairs ac-

cepting the house in the condition in which it stands at the date of this lease." Either at the time of making the lease or subsequently, the time making no difference as to its effect, the plaintiff asked, and the defendant agreed to make certain repairs and alterations. It did not appear at the trial when the repairs were to be made. The plaintiff says he did not agree that they should be made after April 1, 1912, though he does not say that any time was mentioned when they should be done. They were commenced on April 1, 1912, when the lease of a prior tenant expired, and were finished on May 6, 1912. During the time they were being made the plaintiff had possession of the premises, having his furniture there and sleeping there at least part of the time. He, however, was not able to live in them with his family, nor could he give possession to a tenant to whom he had rented an apartment. He, therefore, brought this action against the defendant to recover damages for the reasons, as he alleges in his statement, that he was not given possession of the premises on April 1, 1912.

We excluded testimony of all his alleged items of injury at the trial except two, viz., the amount he was compelled to pay as rental for the rooms he occupied from April 1 to May 6, 1912, because he was not able to live with his family in the premises rented from the defendant, and also the loss of rent from the tenant to whom he had sublet a portion of the building. The jury found a verdict on these two items in his favor, and we are now asked to enter judgment for the defendant non obstante veredicto, or to grant a new trial.

We are of the opinion that the plaintiff was not entitled to recover at all. The repairs were made at his request and for his accommodation and convenience. It was not stipulated that they should be made before his term began. It was but natural in the absence of any such stipulation that they should be made while he was in possession, being done, as we have said, for

474 SPIGELMYER, Appellant, *v.* HESS.

Opinion of Court below—Opinion of the Court. [55 Pa. Superior Ct.

his benefit and at his request. As tenant in possession of the premises, he could have stopped them at any time, but having permitted them to go on, he cannot now be heard to complain of any inconvenience or loss suffered by him because thereof. It is decided in Clark v. Lindsay, 7 Pa. Superior Ct. 43, that the right to make alterations or repairs carries with it the incidental right to cast upon the lessee the necessary and reasonable consequence of exercising it, so far as this might affect the enjoyment of his leasehold. It is not contended that the injuries the lessee sustained in the present case were any but the necessary and reasonable consequences of the right defendant had to make the repairs which plaintiff requested and which were for his benefit.

We, therefore, make absolute the rule for judgment non obstante veredicto, and enter judgment for the defendant.

The rule for a new trial is discharged.

*Error assigned* amongst others was in entering judgment for defendant n. o. v.

*Chas. W. Eaby,* for appellant.

*R. V. Alexander* and *S. V. Hosterman,* for appellee.

PER CURIAM, December 8, 1913:

We all concur in the conclusion reached by the learned judge of the common pleas upon the questions arising upon the trial. His opinion satisfactorily shows that binding direction should have been given for the defendant. It is argued that as no exception was taken to the charge or to the refusal of the defendant's points, and no question of law was reserved, the court was without authority to enter judgment for the defendant. But one of the points was a request for binding direction, and this having been refused and verdict having been rendered for the plaintiff, the defendant was in position

"to move the court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record and for judgment non obstante veredicto upon the whole record," as provided in the Act of April 22, 1905, P. L. 286. We find nothing in the act, or in any decision under it which has been called to our attention, making an exception to the refusal of such point a condition precedent to the exercise of the authority given by the act.

The assignments of error are overruled, and the judgment is affirmed.